Bret Knewtson, OSB 03355
Bret Knewtson, Esq
3000 NW Stucki PL STE 230-M
Hillsboro OR 97124
Telephone: (503) 846-1160
Facsimile: (503) 922-3181
bknewtson@yahoo.com

Mark G Passannante OSB 944035
Broer & Passannante PS
1211 SW 5th Ave Ste 2330
Portland OR  97204
Phone: (503)294-0910
Fax: (503) 243-2717
Markpassannante@msn.com

      Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON (PORTLAND)

| | |
|---|---|
| BRIAN CARLOS, on behalf of himself and all other similarly situated,<br>      Plaintiff,<br>    vs.<br>PATENAUDE & FELIX, A.P.C.,<br>      Defendant | Case No.: 3:14-cv-00921<br><br>COMPLAINT-CLASS ACTION<br><br>Violation of 15 USC § 1692 (FDCPA)<br><br>Jury Trial Requested |

**PRELIMINARY STATEMENT**

1. This is an action for money damages brought by a consumer pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq, which prohibits abusive, deceptive and unfair debt collection practices and other tort claims.

2. Plaintiff's claims arise from defendants attempts to collect a debt in Oregon through the means and instrumentalities of interstate commerce and the mails.

COMPLAINT - 1

3. Plaintiff requests a jury trial.

**JURISDICTION**

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

5. Venue is proper in this District under 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

6. Plaintiff Bran Carlos is a natural person who resides in Multnomah County and the State of Oregon and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Patenaude & Felix, A.P.C. (hereinafter "Patenaude") is a California professional law corporation, and does business in Oregon. Patenaude's principal place of business is located at 4545 Murphy Canyon RD 3rd FL San Diego CA 92123. Patenaude has elected Matt Taylor as its Oregon registered agent, located at 522 SW 5th Ave STE 1300 Portland OR 97204.

**ALLEGATIONS**

8. Plaintiff incurred a credit card debt with Capital One Bank USA. The credit card was used to purchase goods and services for personal, family, and household purposes. Defendant has access to credit card statements of plaintiff from its debt collection lawsuit filed against plaintiff and is capable of verifying this allegation.

9. Defendant uses the instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

10. Defendant uses the instrumentality of interstate commerce to regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due others.

11. Defendant was hired by Capital One Bank USA to collect the debt after plaintiff was unable to make payments on the debt. With an opportunity to conduct discovery, plaintiff believes

the evidence will show defendant was hired solely to facilitate the collection of debts and not to provide legal advice or legal services to Capital One Bank, USA.

12. An employee of defendant, Matt Taylor, acting within the scope of his employment with defendant and attempting to collect the debt, filed a lawsuit captioned Capital One Bank USA v Brian K. Carlos, LV13070699 in Clackamas County Court in Clackamas County Oregon. That suit was filed on July 19th, 2013 and was later removed to Multnomah County, Case # 131014444.

13. The date of last payment or use of the account at issue in the collection lawsuit was more than three years before the lawsuit was filed. Plaintiff believes the date of last payment was around November of 2007.

14. The lawsuit alleged a balance of $3,571.70 owing to Capital One Bank USA as well as interest of Zero from the date of charge off. Plaintiff believes that that allegation is false because to the best of plaintiff's knowledge the balance due at charge off was less than $2,231.87 and that charge off occurred around August of 2008, if not earlier. Further, on or around December 31st, 2013, defendant submitted to the arbitrator, in its pre-hearing statement of proof, an affidavit from an agent of Capital One Bank USA that asserted the records of Capital One Bank USA showed the amount "due and owing" to Capital One Bank USA was $2,231.87.

15. Plaintiff had to pay an appearance fee, attorney's fees and costs to defend the suit brought against him. He recovered those costs from Capital One Bank USA which dismissed the collection lawsuit.

16. The debt was barred by the applicable statute of limitations, in this case provided by the Virginia Va. Code Ann. § 8.01-246 (4), which allowed Capital One three years to bring

COMPLAINT - 3

suit on an unsigned contract. In the debt collection case Capital One produced no evidence that the contract was a signed and concluded contract.

17. Further, the allegation that Capital One Bank USA was entitled to relief by Quantum Meruit was both false and misleading because defendants were aware of the existence of a contract when the collection lawsuit was filed and that claim (Quantum Meruit) was barred by the applicable statute of limitations which was provided by Virginia Va. Code Ann. § 8.01-246 (4).

18. Upon information and belief, plaintiff reasonably believes that given an opportunity for discovery the evidence will show that defendant routinely files suit more than three years for the date of last use or payment, on Capital One Bank USA accounts, with no evidence of a signed or concluded contract.

19. Upon information and belief, plaintiff reasonably believes that given an opportunity for discovery the evidence will show that, it is the policy and practice of defendant to not disclose to the consumers that it collects from, when collecting or filing suit on delinquent Capital One Bank USA accounts, that the debt is barred by the applicable statute of limitations when suit is filed three or more years after either the last use of a Capital One Bank USA credit account or the last payment on Capital One Bank USA credit account.

20. Upon information and belief, plaintiff reasonably believes that given an opportunity for discovery the evidence will show that it is the policy and practice of defendant to not disclose to consumers that it collects from, when collecting or filing suit on delinquent Capital One Bank USA accounts, that the claim for Quantum Meruit relief is barred by the applicable statute of limitations.

21. Defendant persisted in the attempt to collect a greater amount due than what was owed by submitting to plaintiff in the debt collection case, a request to admit that the amount owed was $3,571.70.

22. In response to plaintiff's request for discovery from Capital One Bank USA, in the debt collection case, defendant produced only a generic exemplar of a Capital One Bank USA card holder agreement and three statements that showed a higher balance due than what was claimed due by the complaint or by the agent who submitted the affidavit of Capital One Bank USA in the collection case.

23. Given an opportunity for discovery, plaintiff, believes the evidence will show that defendant was aware that the claim was barred by the applicable statute of limitations and it has a pattern and practice of filing time barred lawsuits and taking judgments against consumer debtors without disclosing to them that the lawsuits are barred by the applicable statute of limitations.

24. Defendant's conduct in bringing an unlawful debt collection lawsuit against plaintiff disturbed plaintiff and caused anxiety, sleeplessness, nervousness, anger, embarrassment, humiliation, and frustration and emotional distress.

**FIRST CLAIM FOR RELIEF: VIOLATION OF FDCPA**

25. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

**COUNT ONE**

26. The attempt to collect the debt by filing a lawsuit that the defendant knew or should have known was time barred is a violation of at least one, if not more, provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(9), 1692e(10), 1692f, and 1692f(1).

**COUNT TWO**

27. The attempt to collect the debt that the defendant knew or should have known was time barred without disclosing to the consumer that the debt is time barred, is a violation of at least one, if not more, provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(9), 1692e(10), 1692f, and 1692f(1).

**COUNT THREE**

28. The attempt to collect the debt by asserting in a breach of contract lawsuit that the creditor was entitled to Quantum Meruit relief when it would be apparent to a competent lawyer that such relief was clearly unobtainable both because the lawsuit was premised on a breach of contract and because Quantum Meruit relief was barred by the applicable statute of limitations violated at least one of the following provisions of the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(9), 1692e(10), 1692f, and 1692f(1).

**COUNT FOUR**

29. The attempt to collect an amount that was not due by overstating or misrepresenting the amount of the debt violated at least one of the following provisions of the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(9), 1692e(10), 1692f, and 1692f(1).

**DAMAGES**

30. As a result of Defendant's violation of the FDCPA, Plaintiff has statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

31. Actual damages for emotional distress pursuant to 15 U.S.C. § 1692k(a)(1).

32. Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from defendant.

**CLASS ALLEGATIONS**

33. Plaintiff sues for a class, under FRCP 23(a) and 23(b)(3).

COMPLAINT - 6

34. The class incudes all individuals with Oregon addresses, regarding whom defendant sued or caused to be sent a letter (directly or by an agent of defendant), seeking to collect non-business Capital One Bank USA credit card debts, subject to card holder agreements that contain a Virginia choice of law, and for which no payment has been made on the individual debts for over three years after the later of default or charge off, and were sent to the individuals during the period of June 6th, 2013 or later.

35. On information and belief, the class is so numerous that joinder of all members is not practicable.

36. There are questions of law and fact common to the class, which predominate over any questions relating to individual class members. The predominant questions are whether defendant attempts to collect time barred debts by threatening litigation or undertaking litigation. And whether defendants attempted to collect time barred debts without disclosing to the consumer that the debts are time barred.

37. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions.

39. A class action is superior for the fair and efficient adjudication of this matter, for
    a. Individual actions are not economically feasible, and
    b. Members of the class are likely to be unaware of their rights.

**WHEREFORE**, Plaintiff prays that judgment be entered against defendant for:
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
- for an award of actual damages determined pursuant to 15 U.S.C. §1692k(a)(1).

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

        Dated this June 6, 2014

                s/ Bret Knewtson
                Bret Knewtson, OSB 03355