IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**BRIAN CARLOS,** on behalf of himself and
all others similarly situated,

    Plaintiff,

    v.

**PATENAUDE & FELIX, A.P.C.,**

    Defendant.

No. 3:14-cv-00921-MO

OPINION AND ORDER

**MOSMAN, J.**,

On August 18, 2015 a motions hearing was held in the above-titled action. At issue was the proper calculation of the statute of limitations. At the hearing, I resolved that the credit card agreement entered into between Brian Carlos and Capital One was a written contract, thereby triggering a five-year statute of limitations under Virginia law. Following the hearing, I instructed the parties to provide additional briefing concerning whether the statute of limitations had run by the time Patenaude & Felix A.P.C. filed a collection action against Mr. Carlos on July 19, 2013.

Capital One's cause of action accrued on the due date of Mr. Carlos's first missed minimum payment on his account, March 3, 2007. Without any tolling, the five-year statute of limitations would have expired on March 3, 2012. However, I have determined that the statute of limitations tolled on two occasions for a total of 532 days, thereby extending the statute of

1 – OPINION AND ORDER

limitations to August 17, 2013.[1] Because Patenaude & Felix filed its collection action on July 19, 2013, I hold that the statute of limitations did not run and therefore DENY Mr. Carlos's Motion to Certify Class [24], DENY Mr. Carlos's Motion for Partial Summary Judgment [35], and GRANT Patenaude & Felix's Partial Motion for Summary Judgment [31].

The first event that tolled the statute of limitations occurred when Capital One accepted Plaintiff's third party debt management agency plan on April 11, 2007. By accepting Plaintiff's third party plan, Capital One agreed to suspend its right to sue on the past-due balance of Plaintiff's account so long as Plaintiff's account did not go more than sixty days without payment pursuant to the third party plan agreement. Plaintiff made his last payment under the third party plan on December 29, 2007. The statute of limitations began to run again sixty days later on February 27, 2008, when Capital One regained its right to sue Plaintiff. The statute of limitations was tolled for 322 days between April 11, 2007 and February 27, 2008.

The second event that tolled the statute of limitations was a previous lawsuit filed against Mr. Carlos to collect on the underlying debt. Capital One filed this suit on August 6, 2009 and it was dismissed without prejudice on March 4, 2010. Under Virginia law, the limitations period does not include the time during which another action is pending if the prior action is dismissed without determining the merits. Va. Code § 8.01-229 E(1). Because this lawsuit was previously dismissed without determining the merits, it tolled the statute of limitations for 210 days between August 6, 2009 and March 4, 2010.

Because Patenaude & Felix filed its July 19, 2013 collection action before the statute of limitations had run, I DENY Mr. Carlos's Motion to Certify Class [24], DENY Mr. Carlos's

---

[1] August 17, 2013 was a Saturday. Virginia law provides that where an action prescribed by law must be taken by a date that falls on a Saturday, Sunday, or legal holiday, the action may be taken the next court day. *See* Va. Code § 1-210. Therefore, the statute of limitations would have run on Monday, August 19, 2013.

2 – OPINION AND ORDER

Motion for Partial Summary Judgment [35], and GRANT Patenaude & Felix's Partial Motion for Summary Judgment [31]. IT IS SO ORDERED.

DATED this   14th   day of September, 2015.

/s/ Michael W. Mosman  
MICHAEL W. MOSMAN  
United States District Judge

3 – OPINION AND ORDER