Bret Knewtson, OSB 03355
Bret Knewtson, Esq
3000 NW Stucki PL STE 230-M
Hillsboro OR 97124
Telephone: (503) 846-1160
Facsimile: (503) 922-3181
bknewtson@yahoo.com

Mark G Passannante OSB 944035
Broer & Passannante PS
1211 SW 5th Ave Ste 2330
Portland OR  97204
Phone: (503)294-0910
Fax: (503) 243-2717
Markpassannante@msn.com
      Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| BRIAN CARLOS, on behalf of himself and all other similarly situated,<br>      Plaintiff,<br>vs.<br>PATENAUDE & FELIX, A.P.C.,<br><br>      Defendant | Case No.: **3:14-cv-00921-MO**<br><br>PLAINTIFF'S MOTION and MEMORANDUM FOR ATTORNEY FEES AND COSTS |

**LR 7.1 Certification:** Plaintiff conferred as a part of the discussion pertaining to the offer of judgment. The parties identified that having the court award fees would be the best way to resolve the issue. Counsel believes that the parties fully conferred but counsel left a message with opposing counsel just prior to filing this motion and is open to further discussion.

<u>MOTION</u>

Pursuant to the accepted offer of judgment, 15 USC 1692k(a)(3) and FRCP 68, plaintiff requests an award of the time attached to the Declaration of Knewtson and Passannante, which totals, $128,845.00 and costs of $2,532.60. This motion is supported by the Declaration of

PLAINTIFF'S MOTION FOR ATTORNEY FEES - 1

Knewtson, Passannante, Carlos and De La Mar, the cost bill, and Exhibits 1 (Knewtson billing record), 2 (Passannante billing record), 3 Martindale Hubble printout, and Plaintiff's Memo in Support of Fees and Costs.

| Attorney | Rate | Hours | Total |
| --- | --- | --- | --- |
| Mark Passannante | $425 | 83.20 | $35,360 |
| Bret Knewtson | $350 | 267.1 | $93,485 |

This below table summarizes the time spent by counsel on the various counts. In identifying the time spent on "general litigation" plaintiff includes the time spent conferring with opposing counsel, client and co-counsel, discovery issues, preparing discovery requests, and reviewing documents filed with the court, identifying how to appeal dismissal of counts and class, preparing for trial, settlement issues, and fee litigation.

| Attorney | Class Claims | Overstatement Count | Statute of Limitations Counts | General Litigation |
| --- | --- | --- | --- | --- |
| Mark Passannante | 6.8 | 3.8 | 38.5 | 35 |
| Bret Knewtson | 40.5 hrs | 13 hrs | 83.6 | 130 |

To the extent the court reduces the award of fees or costs on the basis that the alleged count was not successful plaintiff asks the court to reserve jurisdiction to modify that award pursuant to FRCP 60(b)(6) should plaintiff prevail on appeal and seek fees after succeeding on those counts and the class claims.

<u>MEMORANDUM</u>

PLAINTIFF'S MOTION FOR ATTORNEY FEES - 2

Plaintiff had a Capital One Bank USA N.A (Capital One) credit card account and hired defendant to sue plaintiff. Defendant filed a lawsuit seeking $3,571.70. Plaintiff attempted to defend the lawsuit on his own as he could not find counsel to represent him. Declaration of Carlos. Prior to court annexed arbitration plaintiff retained Mr. Knewtson and on the day of arbitration Capital One agreed to pay plaintiff his fees and costs and dismiss the lawsuit with prejudice. Plaintiff filed this case to enforce the consumer protection rights provided by 15 USC 1692 et seq. (FDCPA) and alleged four counts in support of his claim that plaintiff engaged in an unfair collection act that violated the FDCPA. Plaintiff filed his action as a class with the hope of providing others sued by defendant the same relief. The court dismissed his class claim and denied his motion for summary judgment on counts (1) that the collection action was time barred, (2) that defendant did not disclose it was time barred, (3) that an allegation of "Quantum Meruit" was a meritless claim and should not have been alleged. Plaintiff accepted an offer of judgment from defendant on (4) that defendant overstated the debt. In accepting the off of judgment plaintiff has prevailed on his claim under the FDCPA.

ENTITLEMENT TO COSTS

As a prevailing party on his FDCPA claim plaintiff is entitled to court costs and service costs under 28 USC 1920. The service costs was necessary as defendant declined to waive service. In the discretion of the court plaintiff can recover court reporter appearance fees and the costs of deposition transcripts if those costs were necessarily obtained for use in the case. Washington State Dep't of Transp. V. Washington Natural Gas Co., 59 F3d 793, 806 (9th Cir 1995). Those costs are itemized on the invoices attached to the Cost Bill.  Appearance fees are awardable by the court. Pullela v. Intel Corp., 2010 U.S. Dist. LEXIS 88965, *6, 2010 WL 3361089 (D. Or. Aug. 25, 2010). The depositions were necessary as plaintiff deposed the witness

PLAINTIFF'S MOTION FOR ATTORNEY FEES - 3

that defendant identified as having knowledge of material facts relating to the allegations and defenses of the parties. See docket item 35-16, Exhibit 16 to Pl MSJ (Amended Initial Disclosures) listing those and other defendant designated witness. Plaintiff used the deposition transcript of plaintiff in support of the motion for summary judgement. Docket item 35-3, Exhibit 3 Pl MSJ. Plaintiff used the depositions of Edmunds (Docket item 24-9), Speights (Docket item 44-3),  Patenaude (Docket item 44-4), and Carlos (Docket item 44-3) in support of plaintiff's motion to certify class. The only transcripts not used by plaintiff were Krumenacker, McGregor, and Taylor but those transcripts were ordered by defendant and plaintiff exercised reasonable litigation discretion to obtain the transcript in the event that it became relevant to plaintiff's case or to respond to defendant's case. Those witnesses supposedly had information relating to defendant's unsuccessful bona fide error defense and that information could not be obtained by other means. Further defendant objected to plaintiff's interrogatories as containing sub-parts, renumbered the interrogatories, and then refused to respond to portions of interrogatory 14 and interrogatories 15-22. Rather than litigate those objections plaintiff exercised litigation discretion and deposed the fact witnesses designated by defendant. Even if not used those depositions costs are awardable as reasonably necessary for the above reasons.

> "In general, the mere fact that items are neither introduced into evidence nor otherwise become part of the official court record is not determinative of whether that item was reasonably or necessarily obtained for use in the case." *Frederick v. City of Portland*, 162 F.R.D. 139, 143 (D. Or. 1995) (citing *Haagen-Dazs Co., Inc.*, 920 F.2d at 588)(allowing costs for reproducing documents even though the documents were not introduced as evidence to support summary-judgment motion)). "This rule of general applicability extends to depositions, in particular, such that the presence of a deposition in the record 'is not a prerequisite for finding that it was necessary to take the deposition.'" Id. (quoting *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985), overruled on other grounds by *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258 (7th Cir. 1989)). See also *Hutchens v. Hutchens-Collins*, No. CV-04-281-ST, 2007 U.S. Dist. LEXIS 7436, 2007 WL 319990, at *3 (D. Or. Jan. 30, 2007)("This court agrees with the Seventh Circuit that there are 'few, if any, situations in which a defendant's costs from taking a plaintiff's

PLAINTIFF'S MOTION FOR ATTORNEY FEES - 4

> deposition in a private suit between individual litigants would not be reasonably necessary for use in the case.'" (quoting Hudson, 758 F.2d at 1243)).
> Icebreaker Ltd. v. Gilmar S.P.A., 2013 U.S. Dist. LEXIS 22713, 18-19 (D. Or. Feb. 20, 2013) allowing deposition costs under the *Lanham Act*, 15 USC 1117(a), which according to the case allows recovery of expenses incurred by a party that are not taxable costs.

The court is also authorized by 15 USC 1692k(a)(3) to award those costs as non-taxable costs. Non-taxable costs are awardable when a statute, such as the FCRA or FDCPA, allows a party to recover costs of litigation.

> Therefore, because the FCRA provides for "reasonable attorney's fees," we conclude that district courts have discretion to award non-taxable costs to prevailing parties under the FCRA and that the district court erred in concluding otherwise. See *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008) (de novo review of legal analysis relevant to fee determination).
> Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 580 (9th Cir. Cal. 2010).

The *Grove* court interpreted the FCRA's statute (relevant in bold) as allowing the costs of litigation that are chargeable to a paying client, such as deposition costs:

> § 1681o.  Civil liability for negligent noncompliance
> (a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title [15 USCS §§ 1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of--
>    (1) any actual damages sustained by the consumer as a result of the failure; and
>    **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

In awarding non-taxable costs to the plaintiff, the *Grove* court focused on how statutes that award fees should be interpreted consistently with *Missouri v. Jenkins* 491 U.S. 274, 109 S. Ct. 2463 (1989):

> The Jenkins Court explained that "the fee must take into account the work not only of attorneys, but . . . it must also take account of other expenses and profit." Id. We have interpreted Jenkins to mean that " 'reasonable attorney's fees' include litigation expenses . . . when it is 'the prevailing practice in a given community' for lawyers to bill those costs separate from their hourly rates." *Trs. of the Constr. Indus. and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006). Thus, "we have continued to hold that attorneys' fees awards can include reimbursement for out-of-pocket

PLAINTIFF'S MOTION FOR ATTORNEY FEES - 5

> expenses including . . . travel, courier and copying costs." *Davis v. City of San Francisco,* 976 F.2d 1536, 1556 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345.
> *Id.* at 580.

See also *Jansen v. Experian*, awarding court reporter appearance fee as a non-taxable cost:

> The Court agrees with Plaintiff and concludes the appearance fees are taxable under the FCRA fee-shifting provisions even if § 1920 does not specifically provide for taxation of such costs. Accordingly, in the exercise of its discretion, the Court taxes Equifax for the appearance fees for the above-referenced witnesses.
> Jansen v. Experian Info. Solutions, Inc., Oregon Dist Crt #05-CV-385-BR, 2011 U.S. Dist. LEXIS 24330 (D. Or. Mar. 9, 2011).

In comparison the FDCPA has identical language and also provides for an award of costs (relevant in bold):

> (a) Amount of damages. Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title [15 USCS §§ 1692 et seq.] with respect to any person is liable to such person in an amount equal to the sum of--
>   (1) any actual damage sustained by such person as a result of such failure;
>   (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $ 1,000; or
>     (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $ 500,000 or 1 per centum of the net worth of the debt collector; and
>   (3) **in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.** On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.
> **15 USCS § 1692k.**

Statutes with similar language and serving similar purposes should be interpreted uniformly.

> We have stated in the past that fee-shifting statutes' similar language is "a strong indication" that they are to be interpreted alike. *Northcross v. Memphis Bd. of Education*, 412 U.S. 427, 428 (1973). See also *Hanrahan v. Hampton,* 446 U.S. 754, 758, n. 4 (1980) (noting that § 1988 was patterned on § 204(b) and § 706(k)); *Hensley*, supra, at 433, n. 7 (noting that the standards set forth in the opinion apply to all fee-shifting statutes with

PLAINTIFF'S MOTION FOR ATTORNEY FEES - 6

"prevailing party" language).
<u>Independent Fed'n of Flight Attendants v. Zipes</u>, 491 U.S. 754, 759 n.2 (1989).

Accordingly the court has authority to award appearance costs and deposition costs should it find that the costs were reasonably incurred.

## ENTITLEMENT TO FEES

Plaintiff does not anticipate argument from defendant that fees are not substantively awardable given the offer of judgment but fees are awardable to prevailing plaintiff under 15 USC 1692k(a)(3). Plaintiff has prevailed in accepting the offer of judgment.

> The FDCPA is one such statute, providing that any debt collector who fails to comply with its provisions is liable "in the case of any successful action . . . [for] the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The FDCPA's statutory language makes an award of fees mandatory. *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995). "The reason for mandatory fees is that congress chose a 'private attorney general' approach to assume enforcement of the FDCPA." *Id.*; *see also Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991) (noting that the FDCPA "mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general"). Here, pursuant to the Settlement Agreement, Bridgeport Financial agreed to pay reasonable and necessary attorneys' fees and costs.
> <u>Camacho v. Bridgeport Fin., Inc.</u>, 523 F.3d 973, 978 (9th Cir. 2008)

## LODESTAR ANALYSIS

To determine the lodestar amount, the court may consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11)

PLAINTIFF'S MOTION FOR ATTORNEY FEES - 7

the nature and length of the professional relationship with the client; and (12) awards in similar cases. Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

After determining the lodestar amount, the court assesses whether to adjust the lodestar upward or downward based on the Kerr factors that are "not already subsumed in the initial calculation of the lodestar." Morales, 96 F.3d at 363-64. The lodestar amount is presumed to be the reasonable fee. Thus, a multiplier adjusting the lodestar up or down is necessary only in rare and exceptional cases, supported by specific evidence on the record and detailed findings. Id. Plaintiff's lodestar fee is disclosed in the motion as $350/hr x 16 for a total of $5,600. Counsel offers their respective declarations in support of the hourly rate of $350 for Knewtson and $425 for Passannante.

KERR FACTORS

**(1) The time and labor required:**

Plaintiff has incurred substantial time on this case. The issue of whether defendant filed a time barred lawsuit accounted for a significant part of plaintiff's efforts and that was a substantively challenging issue involving an unresolved question of foreign law. A significant portion of the time spent was on litigation tasks that directly related to plaintiff's success on count four, that defendant's sued him for an amount that was greater then what he owed. That time allocated by plaintiff as "general litigation" was necessary in developing the overall facts of the case. For instance prove of the contract and periodic statements was required both for determining default and the amount of the debt. Those facts were applicable to the overstatement count, the quantum meruit count and the time barred suit count. Ascertaining the time required to establish the overstatement count is probably not feasible. Plaintiff suggests a 10% haircut is appropriate for the general litigation time.

PLAINTIFF'S MOTION FOR ATTORNEY FEES - 8

Knewtson's skill set compliments Passannante's. Counsel worked to avoid duplication of effort and other than conferring about the case, attending depositions and hearings, and some review work by Passannante the two did not duplicate each other's efforts. Passannante has a more than full time practice and would never undertake a case like this without Knewtson to do the primary tasks such as research and motions, deposition prep, fact review, case management, and client communications etc. Opposing counsel has a similar team and likewise both Eidenberg and Huedepohl attended depositions and hearings. That is not unusual for a case of this nature.

> The Court rejects this argument because Defendant supplies no principled reason to reduce Plaintiffs' fee on the basis of alleged unnecessary duplication, the notices sent by both Roulston and Schwinn do not appear to be duplicative, and in any event, "[i]t is not uncommon for multiple attorneys working on a matter to appear at depositions, [and] participate in deposition preparation[.]" *Lota by Lota v. Home Depot U.S.A., Inc*., 11-CV-05777-YGR, 2013 U.S. Dist. LEXIS 181848, 2013 WL 6870006, at *10 (N.D. Cal. Dec. 31, 2013).
> <u>Long v. Nationwide Legal File & Serve, Inc.</u>, 2014 U.S. Dist. LEXIS 101670, *26-27, 2014 WL 3809401 (N.D. Cal. July 23, 2014)

Defendant fiercely contested this case, as was its right, but it is not surprising that the attorney fees are what they are. But neither did defendant prevail on all of its issues. The class certification was denied because of the denial of the class claim not because the class was not viable. Defendant alleged a bona fide error as to the overstatement count but eventually dropped it because plaintiff's deposition of those witnesses could not explain how defendant calculated the collection lawsuit demand. Defendant gave up the denial that the debt was overstated when it offered judgment to plaintiff. Defendant did not prevail on the bona fide error that the time it took to respond to the verification/dispute of plaintiff tolled the limitation period. Plaintiff overcame those defenses. The time spent on those issues is awardable to plaintiff.

**(2) The novelty and difficulty of the questions involved;**

PLAINTIFF'S MOTION FOR ATTORNEY FEES - 9

The issue presented by defendant's collection attempt is novel and there are very few cases that address the issue directly. Defendant's delay in responding to plaintiff's dispute was unusual as well as his being sued for the same debt twice. Those issues compounded the more linear facts of a debt collection case. Application of foreign law to those issues raised by defendant required significant factual discovery to understand the tolling issues. The issues related to the overstatement of the debt were also complicated by defendant's assertion that there was a bona fide error defense but the refusal of defendant to identify the basis of the error. Defendant eventually dropped that defense can conceded the count. Understanding the issues and facts requires knowledge of the FDCPA, TILA, debt collection, Capital One, and credit card banking law and the law of Virginia.

**(3) The skill requisite to perform the legal service properly;**

This factor supports an award of a higher than average rate as reflected by application of the Portland rates or a 95% rate for the tri-counties. Counsel is not aware of anyone filing a similar claim in Oregon despite the persistence of this type of violation. Counsel have successfully litigated this issue in an FDCPA case filed in State Court in which the court determined that the three year limitation applied to the debt as well as proving that the debt was overstated by the collection law firm. <u>Boitz v McGavic et al Mult Cnty</u> 120100746. That prior experience is unique to counsel.

**(5) The customary fee;**

FDCPA work is typically done on a contingent basis yet typically results in a fee award that is hourly. Hourly work done on "speculation," especially for challenging issues such as the one presented in this case discourages lawyers from undertaking such cases absent clear, easily identifiable and well established violations. Accepting a below market rate, would strongly

PLAINTIFF'S MOTION FOR ATTORNEY FEES - 10

discourage those lawyers who have the capacity, skill and knowledge it takes to prevail on these overstatement claims. The difficulty of these cases is evidenced by those lawyers who attempt a case and fail. The court is probably more familiar with those cases than counsel. To the best of counsel's knowledge the only lawyers who regularly file FDCPA cases are Justin Baxter, present counsel, Robert Sola, Kelly Jones, Clarke Balcom, and Joshua Trigstead. Encouraging lawyers to undertake these cases and spend the time that it takes to truly understand and prevail on these diverse and tricky issues is important not only to the consumer bar but to those business's that are conservative in their collection work. Those businesses are competitively disadvantaged by non-compliant collectors who are willing to violate the FDCPA.

**(6) Whether the fee is fixed or contingent;**

Addressed in (5).

**(7) Time limitations imposed by the client or the circumstances;**

NA.

**(8) The amount involved and the results obtained,**

Plaintiff filed one claim, that defendant violated the FDCPA. Plaintiff alleged that defendant violated the act in four different ways. Two of which were also alleged as a class claim. Plaintiff takes the position that FDCPA claim was successful and plaintiff recovered a full statutory damage award and actual damages of $1,349.83. That is solid outcome for this kind of case. The court may be inclined to reduce the award of fees for the unsuccessful counts but there is not a lot of case law on the appropriate measure for unsuccessful counts as part of a successful claim. Most of the case law deals with unsuccessful claims. Even then, an unsuccessful claim that is closely related to a successful claim does not warrant a reduction of fees as a rule.

> Regardless of the Court's final decision, it appears that the Plaintiffs' attorneys could not be faulted for being "devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435. Finally, the Court notes that the time spent on the unsuccessful claims against Nationwide Legal seems to have contributed to the success of the prevailing claim against NFLS. *See Cabrales v. City of Los Angeles*, 935 F.2d 1050, 1052 (9th Cir. 1991) ("[E]ven if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of the other claims.") This is because the Court's summary judgment order, which narrowed the potential scope of liability for Railey's acts to NLFS, likely was a factor influencing NFLS's decision to make a Rule 68 offer rather than risk trial.
> Given that the unsuccessful and successful claims are related, the Court evaluates the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435. The Court finds that the relief Plaintiffs attained — the maximum statutory damages against NFLS for their federal and state claims ($2000 per Plaintiff) — was sufficiently commensurate with the hours expended on the litigation, and thus the Court rejects NFLS's request to deduct fees incurred in connection with claims against Nationwide Legal simply because Nationwide Legal prevailed.
> Long v. Nationwide Legal File & Serve, Inc., 2014 U.S. Dist. LEXIS 101670, *20-21, 2014 WL 3809401 (N.D. Cal. July 23, 2014)

Here the substantive work done on the other counts can be identified with some clarity and plaintiff has broken out the work done on the legal issues of the counts. The work done on the overall development of the case is intermingled and cannot be readily separated and plaintiff identifies that work as general litigation. For instance, the deposition of Edmunds was necessary to understand how defendant handled a collection lawsuit and what documentation was involved as well as other related facts. All of that information would be relevant to any of the counts.

The few cases that deal with unsuccessful counts have not seen fit to decrease an award of attorney fees, especially where the operative facts are so melded.

> As the Plaintiffs' Amended Motion details, Plaintiffs' entire complaint was born out of the same set of circumstances and facts. All of the claims in Plaintiffs' complaint were related to one another and advanced with the common goal of holding Defendant accountable for its illegal collection practices. As in *Cabrales,* the time spent on the unsuccessful claims contributed to the success of the prevailing claims. In addition, it does not matter that Plaintiffs prevailed on only two of the seven claims because Plaintiffs accomplished their

PLAINTIFF'S MOTION FOR ATTORNEY FEES - 12

>ultimate objective. Plaintiffs obtained a judgment for the maximum amount of statutory damages available under FDCPA, which qualifies as a successful result.
>As such, the Court finds that Plaintiffs are entitled to recover a fully compensatory fee. The Court will not reduce Plaintiffs' attorneys' fees simply because they did not succeed on all their claims.
>Savage v. NIC, Inc., 2010 U.S. Dist. LEXIS 60311, *7-8, 2010 WL 2347028 (D. Ariz. June 8, 2010)

Plaintiff's case was entirely successful if defendant now applies the Virginia limitation to its lawsuits. Prior to this lawsuit defendant applied Oregon's statute of limitations to Capital One debts which is an unfair collection practice. Defendant may have stopped alleging quantum meruit as a collection claim. Plaintiff does not know what defendant's current practice is but defendant is welcome to respond by asserting it still applies Oregon's limitation to its Capital One collection lawsuits or that it continues to allege the meritless quantum meruit claim. If not, then plaintiff has effected a substantial benefit to his class of plaintiffs.

>Out of these factors, the Supreme Court has found that "the most critical  [5] factor is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). "Success must be measured not only in the amount of the recovery but also in terms of the principle established and the harm checked." *Zagorski v. Midwest Billing Servs., Inc.* 128 F.3d 1164, 1166 (7th Cir. 1997); *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) ("[S]uccess may be measured by 'the significance of the legal issues on which the plaintiff claims to have prevailed' and the 'public purpose' the plaintiff's litigation served.") (quoting *Farrar v. Hobby*, 506 U.S. 103, 117, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992).
>Hernandez v. Erin Capital Mgmt., LLC, 2011 U.S. Dist. LEXIS 114133, *4-5, 2011 WL 4595802 (C.D. Cal. Oct. 3, 2011)

**(9) The experience, reputation, and ability of the attorneys;**

Addressed in Knewtson's and Passannante's declarations. Mr. Passannante has practiced law successfully in an area . The OSB 2012 fee survey indicates the 75% of lawyers with 21 years of practice in the Portland demographic command a rate of $399. Passannante's trial experience and litigation experience greatly exceeds the 75%. A rate of $425/hour would be less than the 95% for that demographic which is $470/hour. Few lawyers have trials ever year but

PLAINTIFF'S MOTION FOR ATTORNEY FEES - 13

Passannante has trials every week and multi day trials typically a few times a year including jury trials. His practice area involves landlord tenant cases. His regular billing rate for paying clients is kept lower than what the OSB fee survey would recommend for a lawyer with his talent and experience. He keeps it low because of the high volume of work and because his clients pay him fully and regularly with few exceptions. He normally bills separately for copies and postage and assistant time. In this case he has not separately billed for printing and postage costs and those expenses are built into the higher requested rate. Passannante's litigation experience was essential to this case as well as his ability to argue the motions.

**(10) The "undesirability" of the case;**

As addressed in Knewtson's declaration and (5) this case required many hours of research and investigation to ensure a victory for plaintiff. Given the uncertainty and effort required in litigating these overstatement claims and statute of limitation issues, despite the absolute importance of those issues, especially where case law, is still developing, very few lawyers would consider taking this case. The absence of dramatic facts make proving damages difficult. Yet, these overstatement and statute of limitation issues are essential to ensuring fair play by debt collectors. So far Knewtson and Passannante are the only lawyers in Oregon to attempt these issues yet Capital One is one of the more common credit card debts out there. Clearly nobody else will step up to this plate and swing at these issues. If the court significantly reduces plaintiff's fees then even Knewtson and Passannante will have to think hard about doing it again despite the obviously meritorious claim. One factor in these cases are the low damages that defense routinely argues warrants a huge reduction in fees.

> Applying the "rule of proportionality" suggested by Defendants "would make it difficult, if not impossible, for individuals with meritorious [FDCPA] claims but relatively small potential damages to obtain redress from the courts." *City of Riverside*, 477 U.S. at 578.

PLAINTIFF'S MOTION FOR ATTORNEY FEES - 14

Bogner v. Masari Invs., LLC, 2010 U.S. Dist. LEXIS 81143, *7, 2010 WL 2595273 (D. Ariz. June 24, 2010)

It would be impossible to win a case like this, which was novel in many ways and fiercely contested, without incurring an enormous amount of time. Yet the outcome of these cases significantly impact other consumers in a positive way. Very few consumers who are sued by defendant understand enough about their debts to enlist the help of a lawyer and even fewer lawyers would be of any help at all as plaintiff experienced. Declaration of Carlos.

**(11) The nature and length of the professional relationship with the client;**

Counsel has represented plaintiff in the collection action. Typically this factor applies to a reduction in rates for insurance defense counsel who have long term relationships with insurance companies and whom are paid without regard to outcome and is not a factor here.

**(12) Awards in similar cases**

This factor is developed in Knewtson's declaration to the extent it relates to an hourly rate. To the extent this case reflects typical damages plaintiff received a full award of statutory damages and significant actual damages of $1,349. In comparison Mr. Boitz who had an almost identical FDCPA claim received $2,200 from a jury. Defendant's first offer on the case came after the bench ruling at argument for summary judgment.

Respectfully submitted on December 11, 2015

/s/ Bret Knewtson  
Bret Knewtson, OSB 03355

Service by ECF:  
Mark G. Passannante    markpassannante@msn.com  
Peter D. Eidenberg    peidenberg@keatingjones.com, amaloney@keatingjones.com  
Kelly Frances Huedepohl    khuedepohl@keatingjones.com, jsmith@keatingjones.com

PLAINTIFF'S MOTION FOR ATTORNEY FEES - 15