**Peter Eidenberg, OSB #075778**
peidenberg@keatingjones.com
**Kelly F. Huedepohl, OSB #133896**
khuedepohl@keatingjones.com
Keating Jones Hughes PC
200 SW Market St., Suite 900
Portland, OR 97201-5730
Phone: (503) 222-9955
Fax: (503) 796-0699
Of Attorneys for Patenaude & Felix, A.P.C.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BRIAN CARLOS, on behalf of himself and all other similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PATENAUDE & FELIX, A.P.C.,<br><br>　　　　　Defendants. | Case No. 3:14-cv-00921-MO<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RE-ENTRY OF PARTIAL SUMMARY JUDGMENT IN DEFENDANT'S FAVOR AND FOR JUDGMENT DISMISSING PLAINTIFF'S COUNT THREE**<br><br>By Patenaude & Felix, A.P.C. |

Defendant filed a motion asking the Court to reenter summary judgment in defendant's favor on plaintiff's quantum meruit claim. Dckt. No. 122. Defendant's motion was filed on June 11, 2015, the parties fully briefed the issues, and summary judgment was granted by the Court in defendant's favor on September 14, 2015. Dckt. Nos. 31, 48, 52, 56, and 61.

Plaintiff's response appears to be directed to the merits of the original summary judgment motion defendant filed in 2015, rather than to defendant's present motion to reenter the Court's prior order and judgment. *See* Dckt. Nos. 31, 124. The response does not present a request to reopen briefing or provide any legal authority or analysis explaining why the Court should

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RE-ENTRY OF PARTIAL SUMMARY JUDGMENT IN DEFENDANT'S FAVOR AND FOR JUDGMENT DISMISSING PLAINTIFF'S COUNT THREE -** Page 1

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

Doc No. 1386683

reopen a question it resolved almost four years ago. *See generally* Dckt. No. 124.

The law-of-the-case doctrine limits the circumstances under which a prior disposition of a claim or issue should be reconsidered. *See Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990) (where an issue has been "decided explicitly or by necessary implication in [a] previous disposition," under the law-of-the-case doctrine "a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case.") (Internal citation omitted.)

> "While courts have some discretion not to apply the doctrine of law of the case, that discretion is limited. Depending on the nature of the case or issue and on the level or levels of the courts or courts [sic] involved, a court may have discretion to reopen a previously resolved question under one or more of the following circumstances:
>
>   (1)  the first decision was clearly erroneous;
>
>   (2)  an intervening change in the law has occurred;
>
>   (3)  the evidence on remand is substantially different;
>
>   (4)   other changed circumstances exist; [or]
>
>   (5)   a manifest injustice would otherwise result.

*Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993) (internal citation omitted) (holding the district court abused discretion when it failed to apply the law-of-the-case doctrine to give effect to an issue implicitly decided by the Ninth Circuit on appeal).

Although adherence to the law of the case is "not an inexorable command," when directed to a court's own prior interlocutory order, *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001), plaintiff offers no reason the Court should reopen briefing or reconsider a matter that was previously reduced to judgment in this action. *See* Dckt. No. 124. Plaintiff does not argue the Court's 2015 ruling was clearly erroneous, and he does not identify any intervening change in the applicable law or discovery of new facts

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RE-ENTRY OF PARTIAL SUMMARY JUDGMENT IN DEFENDANT'S FAVOR AND FOR JUDGMENT DISMISSING PLAINTIFF'S COUNT THREE -** Page 2

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

Doc No. 1386683

affecting the quantum meruit claim in the time since the original briefing was completed. *See generally* Dckt. No. 124.

Defendant respectfully requests that the Court decline plaintiff's unstated invitation to reopen briefing and reconsider the Court's previous judgment on Count Three of the Complaint. Count Three was not affected by the Ninth Circuit's Opinion on appeal, *See* Dckt. No. 90-1, and this Court rendered its decision on the claim in defendant's favor. Dckt Nos. 56 and 61.

To the extent the Court may revisit the merits of defendant's 2015 motion for partial summary judgment on Count Three of the Complaint, defendant incorporates by reference its original briefing on the motion. *See* Dckt. Nos. 31, 52. Defendant further replies that plaintiff's response brief does not cite to any case or statute, from any jurisdiction, holding that pleading quantum meruit as an alternative to a breach of contract claim is improper. *See generally* Dckt. No. 34. To the contrary, the alternative pleading is expected in Oregon. *Mount Hood Cmty. Coll. ex rel. K & H Drywall, Inc. v. Fed. Ins. Co.*, 199 Or. App. 146, 158, 111 P.3d 752, 758-59 (2005).

Finally, on January 1, 2002, Oregon Revised Statute 81.130 (*renumbered* 15.360 in 2011) took effect and supplanted the common-law choice-of-law rules for breach-of-contract actions that plaintiff cites in his response at pages 11 and 12. *See Herron v. Wells Fargo Fin., Inc.*, No. 05-CV-659-ST, 2006 WL 2422831, at *10 (D. Or. Aug. 16, 2006). Plaintiff does not analyze the quantum meruit claim under those statutes, which the Oregon Court of Appeals recently held apply to at least some implied contracts. *See* Or. Rev. Stat. §§ 15.300 *et seq. Portfolio Recovery Assocs., LLC v. Sanders*, 292 Or. App. 463, 471, 425 P.3d 455, 461 (2018), *review allowed,* 364 Or. 680 (2019), and *review allowed,* 364 Or. 680, 439 P.3d 985 (2019). Plaintiff also does not analyze the choice-of-law rules that govern noncontractual claims. *See* Or. Rev. Stat. § 15.440

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RE-ENTRY OF PARTIAL SUMMARY JUDGMENT IN DEFENDANT'S FAVOR AND FOR JUDGMENT DISMISSING PLAINTIFF'S COUNT THREE -** Page 3

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

Doc No. 1386683

(setting out the choice-of-law rules for noncontractual claims, including the general rule that, in the absence of a demonstration that the law of a different state is "substantially more appropriate" under enumerated principles, the law of the state of conduct, not the state of injury, applies). The common law cited by plaintiff has been supplanted by statute, and plaintiff identifies no authority for the proposition that a quantum meruit claim against an Oregon consumer based on the consumer's alleged conduct in Oregon will be governed by Virginia law. *See* Dckt. No. 124 at 11–12. Defendant asks the Court to reject plaintiff's arguments and reenter summary judgment in defendant's favor on Count Three of the complaint.

## Conclusion

There has been no change in law or facts that warrant reopening the Court's prior decision on Count Three of plaintiff's Complaint. Defendant moves the Court to reenter judgment on Count Three.

DATED this 25th day of June 2019.

KEATING JONES HUGHES, P.C.

s/ Kelly F. Huedepohl
Peter Eidenberg, OSB #075778
peidenberg@keatingjones.com
Kelly F. Huedepohl, OSB No. 133896
503-222-9955
Attorneys for Patenaude & Felix, A.P.C.

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RE-ENTRY OF PARTIAL SUMMARY JUDGMENT IN DEFENDANT'S FAVOR AND FOR JUDGMENT DISMISSING PLAINTIFF'S COUNT THREE -** Page 4

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

Doc No. 1386683

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RE-ENTRY OF PARTIAL SUMMARY JUDGMENT IN DEFENDANT'S FAVOR AND FOR JUDGMENT DISMISSING PLAINTIFF'S COUNT THREE** on the following:

> Bret A. Knewtson
> Law Office of Bret Knewtson
> 3000 NE Stucki Avenue, Suite 230-M
> Hillsboro, OR 97124
> Phone: (503) 846-1160
> Fax: (503) 922-3181
> Email: bknewtson@yahoo.com
> Of Attorneys for Plaintiff

> Mark G. Passannante
> Broer & Passannante PS
> 1001 SW Fifth Avenue, Suite 1220
> Portland, OR 97204
> Phone: (503) 294-0910
> Fax: (503) 243-2717
> Email: broerandpassannante@gmail.com
> Of Attorneys for Plaintiff

by electronically mailed notice from the court to above said attorneys on said day.

DATED this 25th day of June 2019.

KEATING JONES HUGHES, P.C.

s/ Kelly F. Huedepohl
_____
Peter Eidenberg, OSB #075778
peidenberg@keatingjones.com
Kelly F. Huedepohl, OSB No. 133896
khuedepohl@keatingjones.com, FAX 503-796-0699
Of Attorneys for Patenaude & Felix, A.P.C.

Trial Attorney: Peter Eidenberg, OSB No. 075778

**CERTIFICATE OF SERVICE -** Page 5
Doc No. 1386683

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955