Bret Knewtson, OSB 03355
Bret Knewtson, Esq
3000 NW Stucki PL STE 230-M
Hillsboro OR 97124
Telephone: (503) 846-1160
Facsimile: (503) 922-3181
bknewtson@yahoo.com

Mark G Passannante OSB 944035
Broer & Passannante PS
1211 SW 5th Ave Ste 2330
Portland OR  97204
Phone: (503)294-0910
Fax: (503) 243-2717
Markpassannante@msn.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| BRIAN CARLOS, on behalf of himself and all other similarly situated,<br>　　　　　Plaintiff,<br>　　vs.<br>PATENAUDE & FELIX, A.P.C.,<br>　　　　　Defendant | Case No.: **3:14-cv-00921-MO**<br><br>PLAINTIFF'S MOTION and MEMORANDUM FOR ATTORNEY FEES AND COSTS |

**LR 7.1 Certification:** Plaintiff submitted detailed time sheets and identified rates for settlement purposes on October 17, 2019 and has been unable to reach an agreement on fees and costs. In conferral on the award of fees, Defendants appear to take issue with the motion to certify the class as an unreasonable effort, that the time spent on the statute of limitations issue in that brief was unreasonable because it would not have been written but for the class claim, that the time previously reduced for lack of success on the merits should not be awarded, and that Defendants should not be required to pay for the additional costs of Plaintiff's motion to re-open

PLAINTIFF PETITION FOR FEE AWARD - Page 1 of 13

discovery as a result of "Plaintiff's timing." Defendant objects to the requested rate but did not offer the substance of that objection or what a reasonable rate would be. Defendant offered $230,000 for fees and costs and payment of the judgment but only if Counsel agreed to pay $2,000 from the $230,000 to Carlos as consideration for him to sign a confidentiality agreement. That was rejected. On January 6, 2020, one day before the motion deadline, Defendant offered to pay $240,000 for fees and costs subject to a confidential settlement agreement (not provided) entered into by Carlos requiring him to instruct his counsel to keep the amount of fees and costs confidential in return for which Carlos would get an additional $10,000.

**LR 54.1 Certification:** The memorandum is 3000 words or less (2,900 approx words).

## **MOTION**

Pursuant to the accepted offer of judgment, 15 USC 1692k(a)(3), FRCP 60(b)(6) and FRCP 68, plaintiff requests an award of the time attached to the Declaration of Knewtson and Passannante, which totals, $xxx. This motion is supported by the Declaration of Knewtson, and Passannante and Exhibits 1 (Knewtson billing record), 2 (Passannante billing record), Declaration of John Gear, Chris Mertens and Yongmoon Kim.

| Attorney | Rate | Requested Multiplier | Hours | Total |
|---|---|---|---|---|
| Mark Passannante | $425 | | | $$66,172.50 |
| Bret Knewtson | $426 | 1.5 on appellate time and post remand, excluding time on fees. | 522.50 | Enhanced: $311,512.50 Regular: $222,585 |

This below table summarizes the time previously requested and reduced on the basis of limited success which has been remedied by the entry of judgment on the remaining counts. Plaintiff

requests the court exercise its authority under FRCP 60(b)(6) to award the time that was previously denied.

| Attorney Mark Passannante | Class Claims | Overstatement Count | Statute of Limitations Counts | General Litigation | Total Requested |
|---|---|---|---|---|---|
| Prior Requested | 6.8 | 3.8 | 38.5 | 35 | |
| (Awarded) | 3.4 | 3.8 | 19.3 | 17.5 | |
| Renewed Request | **(3.4) 0.0** | **0** | **19.2** | **17.5** | **36.70** |

| Attorney Bret Knewtson | Class Claims | Overstatement Count | Statute of Limitations Counts | General Litigation | Total Requested |
|---|---|---|---|---|---|
| Prior Requested | 40.5 hrs | 13 hrs | 83.6 | 130 | |
| (Awarded) | 20.3 | 13 | 41.8 | 65 | |
| Renewed Request | **(20.2) 0.0** | **0** | **41.8** | **65** | **106.8** |

The below table summarizes the time spent on tasks since the prior award of fees done at Trial Court Post Remand.

| Trial Court: Post Remand | Motion Certify Class (CC) | Motion CC time spent on statute of limitations issue | Defendant Motion for Summary Judgment (QM) | General Litigation (GL) | Attorney Fee Petition | |
|---|---|---|---|---|---|---|
| MP | 18.9 | | 0.6 | 15.7/38.3 | 4* Not on timesheets | |
| BK | 12 | 118.8 | 20.6 | 46.70 | 24.3 | **212.20** |

PLAINTIFF PETITION FOR FEE AWARD - Page 3 of 13

Total Time and Time requested for enhancement:

|  | Prior Requested time | Trial Court: Post Remand | Appeal | Total Time | Total Dollars (MP at $425/hour BK at $426/hour) |
|---|---|---|---|---|---|
| MP | 18.9 | 0.6 | 53 |  |  |
| BK | 106.80 | 212.20 | 229.60 | **522.50** | **$222,585** |
| BK Total for enhanced fee request | 0 | Less Fee Petition Time of 24.30=**187.9** | 229.60 | 417.5 | 417.50x$213= **$88,927.50** **(amount of enhanced fee)** |
|  |  |  |  |  | $311,512.50 |

## ENTITLEMENT TO FEES

Plaintiff has prevailed in accepting the offer of judgment on all counts of his claim. Dkt 131. Judgment was entered in favor of Plaintiff on his remaining claims and was not a judgment of dismissal. Dkt 135. Plaintiff is the prevailing party and entitled to fees and costs per 15 USC 1692k(a)(3). Plaintiff was deemed the prevailing party on appeal and has been awarded but has not recovered his allowable costs of the appeal. Dkt 88 and 90. As the prevailing party on the claim he is now entitled to recover his fees incurred on the appeal. *Corder v. Brown*, 25 F3d 833, 841 (9th Cir 1994) (Identifying that fees for appeal can be awarded once a plaintiff prevails on the merits). An award of reasonable fees is mandatory under the FDCPA and is essential to ensuring consumers have access to qualified attorneys. *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 978 (9th Cir. 2008) Anything less than a reasonable fee is a windfall to the debt collector defendant who profits from the proscribed conduct and benefits from aggressively defending against the consumer's claim knowing that it won't have to pay the true expense of that unsuccessful defense.

## LODESTAR ANALYSIS

Defendant asserts the time spent on the motion to certify the class is not recoverable. The answer is that that motion was a remedy available to Plaintiff. Even if not all claims are prevailed on the time can be recovered. *Ibrahim v. U.S. Dept. of Homeland Sec.*, 912 F3d 1147, 1172 (9th Cir 2019), *cert. den sub nom. Dept. of Homeland Sec. v. Ibrahim*, 18-1509, 2019 WL 5150733 (US Oct 15, 2019) (If the court concludes the prevailing party achieved "excellent results," it may permit a full fee award—that is, the entirety of those hours reasonably expended on both the prevailing and unsuccessful but related claims. *Id.* at 435, 103 S.Ct. 1933; *Schwarz*, 73 F.3d at 905–06). Plaintiff achieved excellent results. See Kerr factors, *Supra.. Long v. Nationwide Legal*

*File & Serve, Inc.*, 2014 U.S. Dist. LEXIS 101670, *20-21, 2014 WL 3809401 (N.D. Cal. July 23, 2014) (recovery of maximum statutory award sufficient to allow recovery of time spent on related but unsuccessful claims because that related work likely lead to the success on the claim prevailed on).

But in this case the class motion was not a separate claim. The majority of that effort was spent explaining the substantive issues of the merits of Plaintiff's claim. That is a direct relationship between work done and prevailing on the claim.

If a client attempted to hire a lawyer for a case such as this one and agreed to pay the lawyer an hourly fee but only for work the lawyer did on issues the client prevailed on no lawyer would take this case. Prevailing on every issue is not the standard for a reasonable fee. Some battles are lost on the way to winning claims that are substantively complex. For example, counsel for defendant ultimately lost all the arguments they made but one, which was that a class was uncertifiable but without question Defendant paid its counsel for all the work it did on this case. No case has held that the standard for lodestar is perfection. That is unreasonable. A reasonable fee includes work done on a case even if not all efforts carried the day. It is unreasonable to not award time for reasonable work such as the motion to certify the class. There may be work done in a case that is not reasonable for reasons apart from whether the issue was won or lost. For example, trying to obtain injunctive relief in this case would not be reasonable as the FDCPA does not provide for such relief. But otherwise allowing a lawyer has a duty to assert reasonable positions that advance the client's cause even if reasonable minds differ on the outcome.

## **RISK ENHANCEMENT**

A fee award should be enhanced when counsel takes a risky case on a contingent basis.

> "The risk of costly litigation and trial is an important factor in determining the fee award." *Rosales*, 2015 WL 4460635, at *20 (citing *Chem. Batik v. City of Seattle*, 19 F.3d 1297, 1299-1301 (9th Cir. 1994)). When considering the risks posed in litigation, "the risk of loss in a particular case is a product of two factors: (1) the legal and factual merits of the claim, and (2) the difficulty of establishing those merits." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

*Bell v. Consumer Cellular, Inc.*, 3:15-CV-941-SI, 2017 WL 2672073, at *10 (D Or June 21, 2017). As discussed below this case was made far riskier than it should have been by Defendant's obfuscation of the existence of a signature on the online application. There was no evidence of a signature yet Defendant crafted a declaration that mislead this Court into thinking there was one. The lack of clear guidance from any high court on the issue of the statute of limitations and Virginia law as applied to a credit card debt made undertaking the case risky. That was borne out by Plaintiff's lose at summary judgment and the appeal. The lack of guidance means that there is no clear understanding of what evidence exists in a credit card debt context that proves the written vs the unwritten contract and the applicable statute of limitations. It also means that Knewtson must spend a tremendous amount of time explaining how the indirect authority requires application of the unwritten limitation. Defendant exploited that grey area by insisting there was a signature but not offering any evidence of the signature as well as arguing without evidence that tolling events required individual inquiry warranting denial of class cert.

Knewtson can't say for sure but likely insurance paid for most of the work done by Defendant's counsel. If so, it cost Defendant nothing to engage in wild arguments such as a consumer's dispute to a debt collector tolls the time allowed for suit. Or even the argument that the check box was proof of a signature. No rational counsel would make those arguments on a contingent basis. Failure of such arguments is certain as borne out in this case. But the effect is that counsel for Plaintiff's risk in spending unrecoverable time or simply not recovering time at a fair market rate increases exponentially. There is no motivation to do anything but the minimum

necessary work. For example, Knewtson did not attempt to depose Capital One because Defendant's did not produce a signature during discovery. Only a signature on a contract can prove a written contract. Why depose Capital One if there is not one? Knewtson underestimated Defendant's willingness to obfuscate.

The amount of fees incurred by Plaintiff in this case is directly caused by Defendant's untenable arguments and obfuscation of the truth.  Plaintiff requests an enhancement of Knewtson's time spent on the appeal and remand of 1.5 those efforts should not have been needed had Defendant told the whole truth. Imposing that enhancement will discourage Defendant from engaging in similar deception. The work needed to overcome Defendant's obfuscation and prevail on Plaintiff's claim prevented Knewtson from taking new and simpler cases that would have been more lucrative and far less risky. For two years, Knewtson was able to take on only two or three new cases because of the work required to present these issues and the ones in *Kaiser v. Cascade Capital LLC, Discover Bank v. Bjornsdotter* and a line of account stated cases even though most of those are abated pending the Oregon Supreme Court Opinion in *Sanders* on account stated. Counsel for Defendant does not bear any risk of not getting paid or getting paid years later while being unable to generate income due to the work needed to ensure adequate representation for Plaintiff. There are many economic consequences for Knewtson that were not anticipated upon taking this case. Counsel for Defendant can use the steady income stream to hire another lawyer and continue to take new cases and remain relevant to the market. Not taking new cases has a long term negative impact because one is not active in the evolving issues of consumer debt collection law.

## **THE MAJORITY OF THE RISK IMPOSED ON COUNSEL IN CONSUMER CASES IS CONTROLLED BY DEFENDANT.**

The defendant in a consumer protection case controls 95% of the evidence needed to prove the defendant's conduct was illegal. Obtaining that evidence is nearly impossible because discovery fights are discouraged and there are many ways a defendant can obstruct access or simply obfuscate whether or not such evidence exists.

Had Defendant and Capital One told the whole truth surrounding Defendant's assertion Plaintiff had signed a contract with Capital One then this case would have been resolved with far less effort and use of judicial resources. But they didn't. Not only did Kime misrepresent the whole truth about the application process but Defendant's submitted an "application report" as the only evidence of the application in response to Plaintiff's discovery requests.

After the motion to certify the class was denied, Plaintiff was granted leave to depose Capital One and Kime about their knowledge and records of the application process. Plaintiff believes the work done on the substantive issues of the merits of the time barred claim in the motion to certify the class was directly related to the grant of leave to conduct those depositions. Before those depositions could be arranged Defendant agreed to offer judgment to Plaintiff on his remaining claims presumably because Capital One did not want to be put on the stand as to the veracity of the statements it authorized Defendant to publish.

Defendant is solely responsible for the efforts Plaintiff has had to undergo to resolve his claim. Defendant files thousands of collection lawsuits and utilizes the power of our courts to collect debts. Despite that reliance on the court system Defendant has forgotten that as officers of the court we have a duty to litigate in good faith and to tell not just the parts of the truth that aid our claims but to tell the whole truth. The hardest part of litigating consumer protection claims is getting at the whole truth which is solely in the control of Defendant. Defendant deliberately obfuscated the facts surrounding the application process to prevail on its original motion for

summary judgment. It almost got away with that deception but for the grace of this Court in allowing Plaintiff to pursue the truth. Plaintiff was not naïve in not deposing Capital One during the first round of this case. Plaintiff understood that Capital One did not require signatures of any sort as evidence of agreement to its terms and conditions. That is the whole truth. What Plaintiff did not anticipate was that Capital One and Defendant would actively deceive this Court by insinuating that some sort of signature did exist. Defendant went to great lengths to defeat Plaintiff's claim but it is a testament to our legal system that the correct outcome was reached. Getting to that outcome was a tremendous burden on counsel for Plaintiff as the effort, in this case and three others (Bjornsdotter, Sanders and Kaiser) prevented Knewtson from taking new cases for over two years. Dec Knewtson. The requested fees are reasonable and an award of less than a reasonable fee is a windfall that rewards Defendant's bad faith refusal to tell the whole truth about the facts of this case.

## OSB FEE SURVEY

The 2017 OSB fee survey was created using the results from a survey that closed on October 16, 2017. 2017 OSB Fee Survey (Survey) at pg 8. The questions sought responses that were limited to the date 12/31/2016. Survey at pg 12 (bottom). The survey identifies that in the 23 years since its inception in 1994, the mean billing rates for private practice lawyers increased by $162. That reflects a conservative increase of the mean rate by an average of $7/hour every year. The mean rate was identified in the 2012 Survey as $242 and $286 in the 2017 Survey. That reflects an average increase of $8.80/hour per year for the mean rate between the 2012 survey and the 2017 survey. That is accurate and reasonable information supporting annual adjustments of the Survey rates in between surveys. It is error for a court to award time based on prior established rates without adjustment to the present rate.

> We also note that in determining the prevailing market rate a district court abuses its discretion to the extent it relies on cases decided years before the attorneys actually rendered their services. *Bell v. Clackamas County,* 341 F.3d 858, 869 (9th Cir.2003) (holding that it was an abuse of discretion to apply market rates in effect more than two years before the work was performed).

*Camacho v. Bridgeport Fin., Inc.*, 523 F3d 973, 981 (9th Cir 2008). By the Survey's design the rates it identifies were in effect as of December 31, 2016. The rates are now over three years old. The mean rate would be between $307 and the average $312.40. On March 18, 2016, this Court awarded Knewtson the rate of $300/hour based on the 2012 OSB Fee Survey and the identified rate of the 75% for Civil Litigation/Plaintiff (excludes personal injury)/Portland rate. The 2012 Survey was four years out of date by that time. The applicable rate should have been $335 based on the average increase in overall rates. Civil Litigation/Plaintiff excluding personal injury is not a defined category[1]. The Court did not explain why it was the applicable category as opposed to Business/Corporate Litigation other than to comment that the rates were higher in Business/Corporate Litigation. Ultimately, this Court applied the 10-12 years of practice 75% Portland category and awarded the rate of $300/hour. Today that category requires the application of $400/hour for 16-20 years of practice without adjustment. Survey at 39. With adjustment the rate is $426 ($8.80/ave inc/yr x 3yr).

Everyone who does Business/Corporate Litigation also does Civil Litigation, either for a plaintiff or a defendant. Which is probably why for the Tri-Counties the 95th percentile for both Business/Corporate Litigation and Civil Litigation Plaintiff are set at $410. Survey table 37 at 40-41. Knewtson represents collection defendants against Business entities as well as

---

[1] The Survey questions relied upon for Table 37are: Q14: When you charged on an hourly basis, what was your usual billing rate per hour in 2016? Q7: Which area(s) of practice represented 50% or more of your practice as of 12/31/2016? [select all that apply] Q6: Which type of employment represented 50% or more of your practice as of 12/31/2016? [private practice only] at 43 (bottom of table 37).

representing consumer plaintiffs against the same entities. The issues are nearly identical for either of side of that coin. Consumers are always up against businesses. The Business/Corporate Litigation category reflects the applicable rate for the community of lawyers handling similar cases more specifically than the generic Civil Litigation categories which includes individuals suing individuals over non-business matters. The resources businesses have to litigate these issues is reflected in those higher rates. A litigant that has significant resources is able to contest issues that it may not believe it will prevail on such as Defendant did in this case. Requiring a consumer plaintiff to face tenacious litigation but awarding second class rates for overcoming that litigation is unreasonable and a windfall to Defendant.

Debt collectors such as Patenaude & Felix are presumably in the same category this Court puts Knewtson in, Civil Litigation/Plaintiff (excludes Personal Injury). Despite filing thousands of collection lawsuits Defendant's incompetence in debt collection was established by Plaintiff. Defendant represents the median level skill set for that category. Knewtson's requested rate of $400/hour is well within the range of 75% to 95%, which for Portland is $350-$500 (adjusted to $380-$530).[2] If the Business/Corporate Litigation category is applied for Portland the 75% is $425/hour (adjusted to $451).

Defendant has demonstrated no competency in its debt collection practices. It harvests default judgments. Carlos prevailed over Defendant on all three substantive issues of the collection case that Defendant wrongly asserted to the harm of many other consumers. Counsel for Plaintiff are exceptional lawyers and the work done in these cases will eventually provide the clarity needed to ensure legitimate outcomes in debt collection litigation. This work matters to a

---

[2] 2012 Survey was $300/hour for 75%. Now $350/hour for same. Historic difference is $50 increase over /5 years since 2012 survey or $10/year. 2016 rates are three years old so 3($10) is $30.

lot of people who will never have representation. Knewtson and Passannante's requested rates are reasonable.

## COSTS

Plaintiff requests a judgment be entered on the previously entered orders on costs.

## KERR FACTORS

This factor is developed in Knewtson's declaration to the extent it relates to an hourly rate. To the extent this case reflects typical damages plaintiff received a full award of statutory damages and significant actual damages of $16,349 (including prior offer of judgment). In comparison Mr. Boitz who had an almost identical FDCPA claim received $2,200 from a jury.

Respectfully submitted on January 7, 2020

January 7, 2020.    s/ Bret Knewtson
Bret Knewtson, OSB 03355
Of attorneys for Plaintiff

Service by ECF:
Mark G. Passannante    markpassannante@msn.com
Peter D. Eidenberg    peidenberg@keatingjones.com, amaloney@keatingjones.com
Kelly Frances Huedepohl    khuedepohl@keatingjones.com, jsmith@keatingjones.com