IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BRIAN CARLOS**, on behalf of himself and
all others similarly situated,

          Plaintiff,

    v.

**PATENAUDE & FELIX A.P.C.**,

          Defendant.

Case No. 3:14-cv-00921-MO

OPINION AND ORDER

**MOSMAN, J.**,

Following years of litigation, the parties reached an agreement on October 3, 2019, in which Plaintiff ("Mr. Carlos") was awarded $15,000 and reasonable costs and attorney fees, as agreed by the parties or determined by the court. Am. J. [ECF 135]. The parties did not reach an agreement on the amount of attorney fees, and Mr. Carlos filed the Corrected Motion for Attorney Fees on January 8, 2020. Pl.'s Mot. [ECF 149]. Defendant objected. [ECF 164].

## LEGAL STANDARD

15 U.S.C. § 1692k(a)(3) provides that "in the case of any successful action" under the Federal Debt Collection Practices Act ("FDCPA"), the defendant is liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court." This language "makes an award of fees mandatory." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted). In determining what amount is "reasonable," courts first "calculate

1 – OPINION & ORDER

the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citation omitted). Then courts evaluate the factors discussed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), that were not already subsumed in the lodestar calculation. *Fischer*, 214 F.3d at 1119. These *Kerr* factors may, in the court's discretion, be taken into account to adjust the lodestar amount. *Dang v. Cross*, 422 F.3d 800, 812 (9th Cir. 2005); *see also Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996) (discussing the *Kerr* factors that bear on reasonableness that may be used to adjust the lodestar amount). The district court has "considerable discretion" in determining the reasonableness of attorney fees. *Webb v. Ada Cnty., Idaho*, 195 F.3d 524, 527 (9th Cir. 1999).

## DISCUSSION

The parties have proffered four possible awards of attorney fees, presented here from lowest to highest. First, Defendant proposes an award of $350/hour for 294.7 hours, for a total of $103,145.[1] Def.'s Obj. [164] at 1, 6. Next, Mr. Carlos asserts that Defendant offered him a settlement of $240,000 on January 6, 2020, contingent on a confidentiality agreement, which Mr. Carlos apparently rejected. Pl.'s Mot. [149] at 2. Defendant does not dispute that it made this offer. *See generally* Def.'s Obj. [164]. Third, Mr. Carlos has proposed a base award of $288,235 that would cover the actual cost of his attorneys, and finally, he has proposed an enhanced fee award of $311,512.50. Pl.'s Mot. [149] at 2.

At the outset, I am going to reject Defendant's suggested award of $103,145. Defendant offered a settlement of much more than that, and that number is, apparently, representative of

---

[1] The court arrives at this number based on its own calculations, as Defendant did not provide a lump sum number in its brief but did provide a requested number of hours and requested hourly rate.

what Defendant is willing to pay. I am also going to reject Mr. Carlos's proposed award of enhanced fees in the amount of $311,512.50. As Defendant has argued, this was not a particularly complex case, and Mr. Carlos's damages award was quite small—just 5% of the base-level attorney fees he proposes, let alone the enhanced fees. Def.'s Obj. [164] at 3-5, 10-11. The enhanced fee is simply too far out of proportion with the scope of this litigation and the level of success Mr. Carlos achieved.

This leaves me with a range between $240,000 and $288,235 for the proposed lodestar amount. In calculating the lodestar, I must first determine whether the attorneys' proposed hourly fees are reasonable, which Mr. Carlos bears the burden to prove. *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). Mr. Carlos has two attorneys working on this case, Mr. Passanante and Mr. Knewton, who charge $425 and $426 per hour, respectively. Pl.'s Mot. [149] at 2. When I heard Mr. Carlos's first petition for attorney fees, I awarded them at a rate of $300 and $350, respectively. Opinion and Order [ECF 85] at 3, 6. I issued that order four years ago. Some growth must be expected during that time, so I reject Defendant's suggestion that the award be calculated at $350 per hour.

Mr. Carlos has presented a detailed analysis of why the requested hourly fees are reasonable. Pl.'s Mot. [149] at 10-13. In his analysis, he relies on the Oregon State Bar Economic Survey, which reports average fees for attorneys in various locations, practices, and with varying levels of experience. *Id.* The Oregon State Bar Economic Survey (the "OSB Survey") is commonly used as an "initial benchmark" for determining reasonable rates in this district. *Toth v. INA Life Ins. Co. of New York*, 2010 WL 170260, at *6 (D. Or. Jan. 13, 2010) (citation omitted). Mr. Carlos argues that his lawyers should be classified in the

Business/Corporate Litigation category, rather than the Civil Litigation category, which is how he derived their fees. Pl.'s Mot. [149] at 10-13.

In my previous order, I awarded fees based on the Civil Litigation category, not Business/Corporate, and I do so again now. Opinion and Order [85] at 4-5. Accordingly, I will calculate the fees at $400/hour for Mr. Knewtson and $415/hour for Mr. Passanante. Pl.'s Mot. [149] at 11-12.

Finally, Defendant argues that I should reduce the hours awarded, based on several considerations. Def.'s Obj. [164] 7-10. First, Defendant argues that I should eliminate from the award any hours Mr. Carlos's attorneys spent on his second class action claim. *Id.* at 7-9. I decline to do so. While that claim was ultimately unsuccessful, it was reasonably related to the litigation and not out of proportion to the ultimate award of damages. *Cabrales v. Cnty. of Los Angeles*, 864 F.2d 1454, 1465 (9th Cir. 1988) *cert. granted, judgment vacated*, 490 U.S. 1087 (1989) *and opinion reinstated*, 886 F.2d 235 (9th Cir. 1989) (internal quotation and citation omitted). The amount of time spent was 148.4 hours, which amounts to about $60,473.[2] Def.'s Obj. [164] at 8. This amount is not out of proportion to the attorney fees requested overall, nor is it wildly out of proportion to the damages award.

Finally, Defendant requests that I deny Mr. Carlos's attempt to reinstate the hours I reduced from his award in 2016. Def.'s Obj. [164] at 9-11. This request, I grant. I decline to revisit the ruling I made four years or to attempt to recalculate hours I have already reduced, based on the arguments made to me at the time. According to Mr. Carlos's brief, his lawyers' "prior requested time" comes to 36.70 hours for Mr. Passanante and 106.8 for Mr. Knewtson.

---

[2]   Based on the court's calculation using the hourly fees set out above.

4 – OPINION & ORDER

Pl.'s Mot. [149] at 4. If those are reduced, the total hours awarded will be 119 and 415.7, respectively.

## AWARD CALCULATION

As set out above, I am awarding attorney fees at a rate of $400/hour to Mr. Knewtson for 415.7 hours of work, and at a rate of $415/hour to Mr. Passanante for 119 hours of work. This award comes to $166,280 for Mr. Knewtson and $49,385 for Mr. Passanante, for a total award of $215,665.

## CONCLUSION

For the reasons stated in this opinion, I GRANT Plaintiff's Corrected Motion for Attorney Fees [149] and award Plaintiff $215,665.

IT IS SO ORDERED.

DATED this  27  day of April, 2020.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge